BETTY M. SHUMENER, Bar No. 137220
betty.shumener@dlapiper.com
HENRY H. OH, Bar No. 187127
henry.oh@dlapiper.com
DLA PIPER US LLP
550 South Hope Street, Suite 2300
Los Angeles, CA 90071-2678
Tel: 213.330.7700
Fax: 213.330.7701
betty.shumener@dlapiper.com

Attorneys for Defendant
MOTRICITY, INC.

ORIGINAL
FILED

JUL 3 1 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

CAMELLIA WALKER, individually and
on behalf of a class of similarly situated
individuals,,

        Plaintiff,

    v.

MOTRICITY, INC., a Delaware
corporation,

        Defendant.

CASE NO. C-08-03648 MHP

**NOTICE TO ADVERSE PARTY OF
REMOVAL TO FEDERAL COURT**

TO: PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

        PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the United

States District Court for the Northern District of California on July 30, 2008, under Federal Case

No. C-08-03648 MHP. A copy of said Notice of Removal is attached to this Notice, and is served

and filed herewith.

Dated: July 30, 2008                    DLA PIPER US LLP

                            By  *Betty M. Shumener*
                                                                    JAF
                                BETTY M. SHUMENER
                                Attorneys for Defendant
                                MOTRICITY, INC.

BETTY SHUMENER (CA Bar No. 137220)
HENRY OH (CA Bar No. 187127)
DLA PIPER US LLP
550 South Hope St., Suite 2300
Los Angeles, CA 90071
Tel: (213) 330-7700
Fax: (213) 330-7701
betty.shumener@dlapiper.com

*Attorney for Defendant, Motricity, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

**MHP**

**CV 08 3648**

| | |
|---|---|
| CAMELLIA WALKER, individually and on behalf of a class of similarly situated individuals, | Case No. _____ |
| Plaintiff, | **MOTRICITY, INC.'S NOTICE OF REMOVAL** |
| vs. | |
| MOTRICITY, INC., a Delaware corporation, | |
| Defendant. | |

Defendant, Motricity, Inc. ("Motricity"), pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, hereby gives notice of the removal of the above-captioned action from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California and states:

## I.   INTRODUCTION

1.     On July 3, 2008, Plaintiff, individually and on behalf of all other wireless telephone subscribers similarly situated in California, filed an action in the Superior Court of the

State of California for the County of Alameda captioned <u>Walker v. Motricity, Inc.</u>, Case No. 08-396630. Copies of the Summons and Complaint served on Motricity are attached as **Exhibit A**.

2.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Motricity pursuant to the provisions of 28 U.S.C. 1441.

3.     This case is properly removed to this Court pursuant to 28 U.S.C. § 1441, because Motricity has satisfied the procedural requirements for removal set forth in 28 U.S.C. § 1446(b), and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(d) and 1453.

4.     The Superior Court of the State of California for the County of Alameda is located within the United States District Court for the Northern District of California. Therefore venue is proper under 28 U.S.C. § 1441(a).

5.     **Intradistrict Assignment:** Alameda County is the county in which this action allegedly arose. Local Rule 3-2(d) provides that, "all civil actions which arise in the counties of Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Napa, San Francisco, San Mateo or Sonoma shall be assigned to the San Francisco Division or the Oakland Division." Therefore, assignment of this action to the San Francisco division is appropriate.

## II.     JURISDICTION PURSUANT TO CLASS ACTION FAIRNESS ACT

6.     This case is subject to removal pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332, 1453 ("CAFA"). CAFA grants federal courts jurisdictions over class actions in which: (1) the aggregate number of proposed plaintiffs is 100 or greater; (2) any member of the plaintiff class is a citizen of a different state than the defendant thus establishing the required minimal diversity; (3) the primary defendants are not States, State officials, or other

- 2 -

MOTRICITY INC.'S NOTICE OF
REMOVAL

1  governmental entities; and (4) the aggregate amount-in-controversy exceeds $5,000,000.   28

2  U.S.C. § 1332(d)(2)(A), (d)(5)(A) - (B), and (d)(6).

3      7.    These jurisdictional requirements are satisfied by the allegations of the

4  Plaintiff's Complaint and certain facts related to the nature and extent of Motricity's business. As

5  a result, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

6

7  1332(d).

8      8.    **This Action is a Class Action Consisting of More Than 100 Members:**  In the

9  Complaint, Plaintiff claims to represent a class of "all wireless telephone subscribers in California

10  who suffered losses or damages as a result of incurring charges on their cellular telephone bills

11  from or on behalf of Motricity not authorized by the subscriber . . . ." (Compl., ¶ 34.)  Plaintiff

12  claims that the putative class consists of "thousands of individuals and other entities, making

13

14  joinder impractical . . . ." (Compl., ¶ 35.)  Based on these allegations, the aggregate number of

15  class members in the class that Plaintiff purports to represent is greater than 100 and thus satisfies

16  28 U.S.C. § 1332(d)(5)(B).

17      9.    **Plaintiff is a Citizen of a Different State Than Motricity:**  Plaintiff is a citizen

18  of the State of California. (Compl., ¶ 1.) Motricity is, and was at the time Plaintiff commenced

19  this action, a Delaware corporation with its principal place of business in the State of Washington.

20

21  (Compl., ¶ 2.) The minimal diversity required by CAFA is met because Plaintiff and Motricity

22  are citizens of different states. See 28 U.S.C. § 1332(d)(2)(A).

23      10.   **Motricity is Not a State, State Official, or Other Governmental Entity:**  As

24  stated above, Motricity is a private corporation and thus 28 U.S.C. § 1332(d)(5)(A) is met.

25      11.   **The $5,000,000 Amount-in-Controversy Requirement has Been Met:**  The

26  allegations in the Complaint and the nature and extent of Motricity's business both indicate that

27

28                                     - 3 -              MOTRICITY INC.'S NOTICE OF
                                                          REMOVAL

Document

1    well over $5,000,000 is in controversy in this action and, therefore, that CAFA's amount-in-

2    controversy requirement has been met.

3        12.    First, the Complaint seeks injunctive relief under various California statutes

4    (Compl., ¶¶ 56, 61, 67, Prayer for Relief ¶ H.)  The Complaint seeks an injunction to force

5    Motricity to obtain the consent of customers receiving mobile content by processing "a unique

6    'access code' for each customer account, provided by the carrier to the account holder and his/her

7    authorized representatives at the time [the account] is opened, and require that it be produced any

8    time a third-party attempts to charge the account.  If a matching code is not provided, no charges

9    would be included on the customer's billing statement." (Compl., ¶¶ 24, 56, 61, 67.)

10       13.    The potential cost to Motricity of complying with the injunction sought in the

11   Complaint exceeds $5,000,000, even exclusive of any consideration of any monetary damages

12   sought by the plaintiff class.  As set forth in the Declaration of Paul Bock, attached hereto as

13   **Exhibit B**, the minimum cost to Motricity of complying with the injunctive relief sought in the

14   Complaint is $7,985,430.00.  (Declaration of Paul Bock "Bock Decl.", Ex. B, ¶ 6.)  This amount,

15   which is a reasonable estimate based on Bock's detailed breakdown of work to be performed to

16   comply with the injunctive relief sought, consists of one-time development costs as well as

17   maintenance costs to ensure compliance with the injunctive relief for a period of five (5) years.

18   (Id.)  Moreover, five (5) years is a very conservative estimate for the period of time over which

19   Motricity would incur maintenance expenses to comply with the injunction, as the injunction

20   would be in effect indefinitely.  Furthermore, as set forth in the Bock Declaration, the estimate of

21   $7,985,430.00 is a very conservative cost estimate and the actual cost to Motricity in complying

22   with the injunctive relief sought would likely substantially exceed this nearly $8 Million figure.

- 4 -

MOTRICITY INC.'S NOTICE OF
REMOVAL

14.    Accordingly, the cost to Motricity of complying with the injunctive relief sought in the Complaint exceeds CAFA's $5,000,000.00 minimum amount in controversy.  This is exclusive of the Complaint's allegations that the class plaintiffs are entitled to monetary damages in addition to the injunctive relief.  The additional consideration of monetary damages sought by the plaintiff class significantly increases the total amount in controversy – an amount which far exceeds $8 Million, much less the $5 Million jurisdictional requirement.

15.    Because both the nature and extent of Motricity's business and Plaintiff's own Complaint prove by a preponderance of the evidence that the amount-in-controversy exceeds $5,000,000, the amount-in-controversy requirement of 28 U.S.C. § 1332(d) is satisfied.

16.    In summary, all of CAFA's jurisdictional requirements are satisfied by the allegations of the Plaintiff's Complaint and certain facts related to the nature and extent of Motricity's business.  As a result, this Court has subject matter jurisdiction over this action.

### III.    PROCEDURAL STATEMENT

17.    Because Plaintiff filed this action on July 3, 2008, this Notice of Removal has been timely filed within thirty (30) days of service pursuant to 28 U.S.C. § 1446(b).

18.    Pursuant to 28 U.S.C. § 1441(a), removal to the United States District Court for the Northern District of California is proper because the Superior Court of the State of California, Alameda County is located within this District.

19.    Pursuant to 28 U.S.C. § 1446(a), Motricity will promptly provide notice of this Notice of Removal to the Superior Court of the State of California, Alameda County.

20.    By removing this action to this Court, Motricity does not waive any defenses, objections or motions available to it under state and federal law.  Motricity expressly reserves the

- 5 -

MOTRICITY INC.'S NOTICE OF
REMOVAL

1    right to require that the claims of Plaintiff and all members of the putative class be decided on an

2    individual basis through arbitration.

3        Wherefore, pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, Defendant, Motricity, Inc.,

4    hereby removes the above-captioned civil action from the Superior Court of the State of

5    California, Alameda County.

6                                Respectfully submitted,

7

8    Dated:  July 30, 2008                    DLA PIPER US LLP

9

10

11                        By: *Betty Shumener* /JAF

        Betty Shumener

12                        Attorney for Defendant Motricity, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                            - 6 -              MOTRICITY INC.'S NOTICE OF
                                                 REMOVAL

Document

**EXHIBIT A**

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MOTRICITY, INC., a Delaware corporation,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CAMELLIA WALKER, individually and on behalf of a class of similarly situated individuals,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
ALAMEDA COUNTY

2008 JUL -3 PM 2: 51

CLERK OF THE SUPERIOR COURT

BY Dorothy Lee
DEPUTY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
René C. Davidson Alameda County Courthouse
1225 Fallon St., Oakland, CA, 94612

CASE NUMBER:
*(Número del Caso):*
08 = 396630

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alan Himmelfarb. KAMBEREDELSON LLC,
2757 Leonis Blvd., Los Angeles, CA 90058, (323) 585-8696

DATE:                PAT S. SWEETEN        Clerk, by _Dorothy L Lee_, Deputy
*(Fecha)* JUL 0 3 2008                    *(Secretaria)*                  *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:

3. [ ] on behalf of *(specify)*:

   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

 
ALAN HIMMELFARB - SBN 90480
KAMBEREDELSON, LLC
2757 Leonis Boulevard
Vernon, California 90058
Telephone: (323) 585-8696

*Attorneys For Plaintiff*

FILED
ALAMEDA COUNTY

2008 JUL -3 PM 2: 52

CLERK OF THE SUPERIOR COURT

BY _Dorothy Lee_
DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

CAMELLIA WALKER, individually and
on behalf of a class of similarly situated
individuals,

          Plaintiff,

v.

MOTRICITY, INC , a Delaware
corporation,

          Defendant

Case No. RG 08 - 396630

**COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF
[RESTITUTION/UNJUST
ENRICHMENT; TORTIOUS
INTERFERENCE WITH A
CONTRACT; UNLAWFUL, UNFAIR
AND DECEPTIVE BUSINESS
PRACTICES (CAL. BUS. & PROF.
CODE §17200, *et seq.*)**

DEMAND FOR JURY TRIAL

**CLASS ACTION**

BY FAX

## CLASS ACTION COMPLAINT

Plaintiff Camellia Walker brings this class action complaint against Defendant Motricity, Inc. ("Motricity"), seeking to stop Defendant's unlawful practice of charging cellular telephone customers for products and services the customers have not authorized, a practice which has resulted in Defendant unlawfully collecting thousands of dollars from consumers statewide, and to obtain redress for all persons injured by its conduct. Plaintiff, for her class action complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## PARTIES

1.  Plaintiff Palma Walker is a resident of Alameda County, California.

2.  Defendant Motricity, Inc. ("Motricity") is an "aggregator" and operates a mobile transaction network that processes mobile payments and related transmissions on its behalf and on behalf of carriers, other aggregators and third party mobile content providers, including various subsidiaries through which it operates. Motricity is a Delaware corporation with its headquarters and principal place of business in the State of Washington. Motricity does business throughout the State of California and this county.

## JURISDICTION

3  This Court has jurisdiction over the causes of action asserted herein pursuant to the California Constitution, Article VI, §10, because this case is a cause not given by statute to other trial courts.

4.  This Court has jurisdiction over Defendant pursuant to Code of Civil Procedure section § 410.10 because Defendant conducts business in the State of California and/or many of Defendant's wrongful acts arose or emanated from California.

## VENUE

5.  Venue is proper in this Court pursuant to Code of Civil Procedure because Plaintiff resides in Alameda County.

## CONDUCT COMPLAINED OF

6.  This case arises from two closely related phenomena. The first is the capability of most cellular telephones, not only to make and receive telephone calls, but also to send and receive text messages, including -- most significantly for present purposes -- "premium" text message services. These services, also known as "mobile content" include products that range from the basic (customized ringtones for use with cell phones, sports score reports, weather alerts, stock tips, horoscope services, and the like) to those requiring

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

2

1  more advanced capabilities (such as direct payment services, interactive radio and

2  participatory television).

3      7.    The second underlying phenomenon of this case constitutes its very core.

4  That is, just as providers of premium mobile content deliver their products by means of cell

5  phone technology, they likewise charge and collect from their customers by "piggybacking"

6  on the cell phone bills sent out by the wireless carriers. Further, because the mobile content

7  providers by themselves most often lack the wherewithal to negotiate the necessary

8  relationships with the much larger wireless carriers, they do so with the help of third-party

9  companies, such as Motricity, known as aggregators. These aggregators act as middle-men,

10  representing numerous mobile content providers in arriving at the agreements that allow

11  them to use the billing and collection mechanisms of the wireless carriers. In turn, both the

12  aggregators and the wireless carriers are compensated for their services to the mobile content

13  providers by retaining a substantial percentage of the amount each premium mobile content

14  transaction

15      8.    The rapid and largely unplanned growth of the premium mobile content

16  industry has led both to the above-described structure and to a disastrous flaw within it. That

17  flaw -- understood, perpetuated, and even encouraged by carriers, aggregators, and mobile

18  content providers such as the instant defendants -- is an open secret within the industry, but

19  little understood outside of it. In short, the billing and collection systems established by

20  companies including Defendant in aid of the premium mobile content industry that enriches

21  them are conspicuously free of any checks or safeguards to prevent erroneous and

22  unauthorized charges from being added to customers' bills.

23      9.    As Defendant also knows, thousands of dollars have been collected on

24  account of such unauthorized charges for premium mobile content in the industry over the

25  last few years. And while it has always been within the power of companies such as

26  Defendant to institute simple and effective measures that would prevent this, they have

27

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

3

1  instead knowingly maintained the very system that has allowed these erroneous charges.

2  Indeed, Defendant has reaped and retained its respective shares of the improper collections.

3       10.    While the total sales in California of premium mobile content in 2007 amount

4  to a multimillion dollar sum, the business is still in its infancy. The burgeoning industry has

5  already expanded from ordinary ringtones into mass media-related products such as

6  interactive radio and participatory voting at television and concert events and, most recently,

7  into services that enable cell phones to function as credit cards. Unchecked, Defendant's

8  practices will injure an ever-increasing number of unwitting consumers, inflicting damages

9  of an untold magnitude.

10      11.    Unlike transactions made using checks and credit cards, which require a

11  signature or a highly private sixteen-digit credit card number, the only thing a mobile content

12  provider needs to charge a consumer for its products is the consumer's cellular telephone

13  number. Once a mobile content provider has a consumer's cell phone number, it can cause

14  that consumer to be billed for services and products irrespective of whether the consumer

15  actually agreed to purchase them.

16      12.    Armed with only a cell phone number, the mobile content provider can simply

17  provide that number, along with an amount to be charged, to a billing aggregator (such as

18  Motricity). The aggregator, in turn, instructs the relevant cellular carrier to add the charge to

19  the bill associated with that cell phone number. The charge will then appear on the

20  consumer's cell phone bill, often with only minimal, cryptic identifying information.

21      13.    Because the protections normally present in consumer transactions -- such as

22  signatures and private credit card numbers -- are absent from this process, the likelihood of

23  false charges increases enormously. And because a substantial part of mobile content "sales"

24  are effected through web sites using misleading, oblique, or inadequately explained

25  "consent" procedures, that likelihood increases by another order of magnitude. Mobile

26  content providers have powerful financial incentives to collect as many cell phone numbers

27

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  as possible but little incentive to ensure that the owners of those numbers have truly agreed to

2  purchase their goods and services.

### Aggregators' Role In the Scheme to Defraud

4      14.    In order to tap into the emerging wireless content marketplace and make

5  content services available to wireless consumers, content providers must first obtain access to

6  wireless carriers' mobile communications networks and frequently do so by "partnering"

7  with aggregators -- intermediary companies such as Motricity that offer content providers (its

8  "content provider partners") direct access to the carriers through existing relationships. This

9  allows content providers to focus on developing and marketing branded content, applications

10  and programs while aggregators manage the complex carrier relationships, distribution,

11  billing and customer service.

12      15.    In order to tap into the emerging wireless content marketplace and make

13  content services available to wireless consumers, content providers must first obtain access to

14  wireless carriers' mobile communications networks and frequently do so by "partnering"

15  with aggregators -- intermediary companies such as Motricity that offer content providers (its

16  "content provider partners") direct access to the carriers through existing relationships. This

17  allows content providers to focus on developing and marketing branded content, applications

18  and programs while aggregators manage the complex carrier relationships, distribution,

19  billing and customer service.

20      16    As an aggregator, Motricity operates mobile transaction networks helping

21  companies, develop, deliver, and bill for mobile content services to compatible mobile

22  devices throughout the State of California and the nation.

23      17.    By using their end-to-end technology platforms, their relationships with U.S.

24  carriers, and other value-added services, these aggregators have forged a crucial link between

25  the wireless carriers and the mobile content providers. They have enabled the transformation

26

27

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

5

1    of wireless into a marketing, content delivery, and collections process, while carving out a

2    profitable role for themselves as very critical middlemen in this rapidly growing industry.

3        18    Motricity has developed a vast distribution system that integrates into the

4    wireless networks of some of the largest wireless carriers nationwide, providing direct

5    connections to numerous mobile operators.  As a result, Motricity is able to reach and bill

6    millions of wireless subscribers nationwide.

7        19.    While aggregators such as Motricity charge their content provider customers

8    some upfront fees, their revenue is primarily generated through a "revenue share" on

9    transactions for which they bill cell phone subscribers: each time a charge is incurred in

10   connection with the purchase of mobile content services offered by a content provider, the

11   aggregator and/or the content provider cause said charge to be billed directly on the cellular

12   telephone bill of the carrier's customer who currently owns and/or uses the telephone number

13   (claimed to be) associated with said purchase.

14       20.    The carrier then bills and collects the charge from its current subscriber,

15   retains about a portion of the proceeds as its "revenue share" and then remits the balance to

16   the aggregator who has direct access to its network, e.g., Motricity, who retains a percentage

17   of the balance in the form of its own "revenue share," and then remits the remainder directly

18   to the mobile content provider (or, in some instances, to another aggregator who then retains

19   a percentage of the balance in the form of its own "revenue share" and then remits the

20   balance to its mobile content provider client).

21       21.    Motricity has in California registered thousands of transactions and processed

22   thousands of dollars in transactions over recent years and has profited greatly from its

23   arrangement with its carrier partners, aggregator partners, and content provider partners.

24       22.    As Motricity knows, carriers such as AT&T and Verizon routinely process

25   charges for mobile content that have not been authorized by the charged party.

26

27

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

23.    Motricity has not only sanctioned this illegal billing, it has promoted it by negotiating and facilitating partnerships between the carriers and the mobile-content providers that contains few if any safeguards to prevent unauthorized charges.

24.    Indeed, if Defendant wanted to end this illegal billing, it could do so in an instant. All it would have to do to ensure that they are obtaining the consent of the charged party is agree to process a unique "access code" for each customer account, provided by the carrier to the account holder and his/her authorized representatives at the time it is opened, and require that it be produced anytime a third-party attempts to charge the account. If a matching access code is not provided, no charges would be included on the customer's billing statement.

25.    But instead of implementing such a simple safeguard, Defendant has intentionally created and maintained a system that encourages fraud at every step. Such system constitutes a deliberate and willful scheme to cheat large numbers of people out of small amounts of money.

26    Because the amount Defendant is taking is small on an individual basis – as little as a few dollars to at most several hundreds of dollars per person -- and because of its vast resources, Defendant employs this scheme with the hope and expectation that its illegal conduct will go unpunished.

## THE FACTS RELATING TO NAMED PLAINTIFF WALKER

27.    In or about 2003, Plaintiff purchased new cell phone service for her personal use from an authorized sales representative of an established wireless carrier.

28.    On that same day, in exchange for a cellular telephone service plan, Walker agreed to pay her carrier a set fee for a period of about 12 months.

29.    In or about 2007, Walker's cell phone account was charged by Defendant for unwanted mobile content services in the form of premium text messages.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

7

30.    At no time did Walker authorize the purchase of these products and services offered by Defendant or anyone else and at no time did Walker consent to Motricity's sending of text messages to her cellular telephone.

31.    During the relevant time period, Defendant caused Walker to be charged service fees for so-called Premium text messages provided by Defendant.

32.    At no time did Walker authorize Defendant or anyone else to bill her for these charges and at no time did Defendant verify Walker's purported authorization of these charges.

33.    Defendant has yet to provide a full refund of the unauthorized charges consisting of the premium text message charges, ordinary text messages, data charges, back interest, implement adequate procedures to ensure that such unauthorized charges would not appear in future billing periods and/or an assurance that such unauthorized charges would not appear in future billing periods.

## CLASS ALLEGATIONS

34.    Plaintiff bring this action, pursuant to Code of Civil Procedure § 382 on behalf of herself and a class, defined as follows: The "Class": a class consisting of all wireless telephone subscribers in California who suffered losses or damages as a result of incurring charges on their cellular telephone bills from or on behalf of Motricity not authorized by the subscriber; provided, however, that the following are excluded from this proposed Class: (i) the defendants, and (ii) any employee of a defendant.

35.    The Class consists of thousands of individuals and other entities, making joinder impractical, in satisfaction of Code of Civil Procedure § 382.

36.    The claims of Plaintiff are typical of the claims of all of the other members of the Class.

37.    Plaintiff will fairly and adequately represent and protect the interests of the other members of the classes. Plaintiff has retained counsel with substantial experience in

1  prosecuting complex litigation and class actions. Plaintiff and their counsel are committed to

2  vigorously prosecuting this action on behalf of the members of the classes, and have the

3  financial resources to do so. Neither Plaintiff nor their counsel has any interest adverse to

4  those of the other members of the Class.

5     38.    Absent a class action, most members of the Class would find the cost of

6  litigating their claims to be prohibitive, and will have no effective remedy. The class

7  treatment of common questions of law and fact is also superior to multiple individual actions

8  or piecemeal litigation in that it conserves the resources of the courts and the litigants, and

9  promotes consistency and efficiency of adjudication.

10     39.    Defendant has acted and failed to act on grounds generally applicable to the

11  Plaintiff and the other members of the respective classes, requiring the Court's imposition of

12  uniform relief to ensure compatible standards of conduct toward the members of the Class.

13     40    The factual and legal bases of Defendant's liability to Plaintiff and to the other

14  members of the Class are the same, resulting in injury to the Plaintiff and to all of the other

15  members of the Class. Plaintiff and the other members of the Class have all suffered harm

16  and damages as a result of Defendant's unlawful and wrongful conduct.

17     41    There are many questions of law and fact common to the claims of Plaintiff

18  and the other members of the Class, and those questions predominate over any questions that

19  may affect individual members of the Class. Common questions for the Class include but are

20  not limited to the following:

21     (a)    Whether Motricity has unjustly received money belonging to Plaintiff

22     and the Class and whether under principles of equity and good conscience, Motricity

23     should not be permitted to retain it.

24     (b)    Whether Motricity tortiously interfered with contracts between

25     Plaintiff and the Class, on the one hand, and their wireless carriers, on the other hand,

26

27

28

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

9

by causing them to be charged for products and services by their carrier that were unauthorized.

(c)    Whether Defendant's conduct described herein violates California Business and Professions Code sections 17200, *et seq.*

(d)    Whether Defendant's conduct described herein violates California Consumer Legal Remedies Act ("CLRA").

(e)    Whether Defendant's conduct described herein violates California California's Computer Crime Law, Cal. Pen. Code § 502.

(f)    Whether Defendant's actions warrant an accounting.

(g)    Whether Defendant's actions amount to a trespass to chattels.

## FIRST CAUSE OF ACTION
### (Restitution/Unjust Enrichment on behalf of the Class)

42.    Plaintiff incorporates by reference the foregoing allegations.

43.    A benefit has been conferred upon Motricity by Plaintiff and the Class. Motricity has received and retain money belonging to Plaintiff and the Class resulting from their billing and collecting significant amounts of money in unauthorized mobile content charges.

44.    Motricity appreciates or has knowledge of said benefit.

45.    Under principles of equity and good conscience, Motricity should not be permitted to retain the money belonging to Plaintiff and the Class which Motricity has unjustly received as a result of its actions.

46.    Plaintiff and the Class have suffered loss as a direct result of Defendant's conduct.

## SECOND CAUSE OF ACTION
### (Tortious Interference with a Contract on behalf of the Class)

47.    Plaintiff incorporates by reference the foregoing allegations.

48.    Plaintiff and the Class had contractual relationships with their wireless carriers whereby they agreed to pay a certain sum of money in exchange for activation of their

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  cellular telephone accounts and their carriers' promise to provide various communication and

2  related services to Plaintiff and the Class and to bill Plaintiff and the Class only for products

3  or services the purchase of which they had authorized.

4       49.    Motricity knew of said contractual relationships and intended to and did

5  induce a breach or disruption of the contractual relationships.

6       50.    Motricity intentionally interfered with said contractual relationship through

7  improper motives and/or means by knowingly and/or recklessly continually causing to be

8  placed on the cellular telephone bills of cellular telephone owners across the nation

9  unauthorized charges.

10       51.    Plaintiff and the Class suffered loss as a direct result of the conduct of

11  Motricity.

12  ### THIRD CAUSE OF ACTION

13  **(Violation of the California Consumer Legal Remedies Act ("CLRA"),
Cal. Civ. Code § 1770 on behalf of the Class)**

14       52.    Plaintiff incorporates by reference the foregoing allegations.

15       53.    The mobile content services that are the subject of this complaint are services

16  for other than a commercial or business use, as described in Cal. Civ. Code § 1761(b). The

17  mobile content services are used for personal, family, or household purposes, and mobile

18  content service subscribers are consumers under the definition in Cal. Civ. Code § 1761(d).

19  Plaintiff and the other class members use the wireless services for personal, family, or

20  household purposes, and are consumers under the definition in Cal. Civ. Code § 1761(d).

21       54.    As an aggregator, Motricity misrepresents the approval for, characteristics of,

22  and the obligations associated with the mobile content services when they communicate to

23  the carriers that Plaintiff and the other class members have consented the mobile content

24  services and approved the charges for those services. These communications to the carriers to

25  charge Plaintiff and the other class members for mobile content services, and violate Cal.

26  Civ. Code § 1770(a)(2), (5), (14).

27

28

55.    Collectively, these CLRA violations have damaged the Plaintiff and other class members by causing them to pay falsely inflated cellular service bills as well as the lost time required to sort, read, discard and attempt to prevent future charges for unwanted mobile content services, and lost storage space, connectivity, and computing resources on the cellular phones.

56.    Plaintiff, on her own behalf and behalf of the other class members, seeks an order enjoining Defendant's collective CLRA violations alleged herein, restitution of property gained by the CLRA violations, and court costs and attorney's fees under the CLRA (Cal. Civ. Code § 1780(d)).

## FOURTH CAUSE OF ACTION
### (Violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 on behalf of the Class)

57.    Plaintiff incorporates by reference the foregoing allegations.

58.    Motricity's communications to wireless carriers falsely state that Plaintiff and the other class members have approved, authorized, and/or consented to charges for mobile content services, and are deceptive and unfair. Further, these communications are unlawful because they violate the CLRA, CFAA, and the FCA.

59.    The acts alleged above are unlawful, unfair or fraudulent business acts or practices and constitute unfair competition under Cal. Bus. & Prof. Code § 17200.

60.    Collectively, these UCL violations have damaged the Plaintiff and other class members by causing them to pay falsely inflated cellular service bills, as well as the lost time required to sort, read, discard and attempt to prevent future charges for unwanted mobile content services, and lost storage space, connectivity, and computing resources on the cellular phones.

61.    Plaintiff, on her wn behalf and behalf of the other class members, seeks an order enjoining Defendant's unfair competition alleged herein, and restitution of property

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
12

1  gained by such unfair competition under the UCL (Cal. Bus. & Prof. Code § 17203), as well

2  as interest and attorney's fees and costs pursuant to, in part, Cal. Code Civ. Proc. § 1021.5.

3  ### FIFTH CAUSE OF ACTION
4  (Violation of California's Computer Crime Law, Cal. Pen. Code § 502
   on behalf of the Class)

5      62.      Plaintiff incorporates by reference the foregoing allegations.

6      63.      The cellular phones owned by Plaintiff and the other class members are

7  sophisticated electronic devices which are programmable and capable of being used in

8  conjunction with external files, and contain many (if not most) of the same capabilities and

9  equipment as traditional desktop computers (as well as cellular radio signal processing

10 technology). These cellular phones are computer systems under the definition of Cal. Pen.

11 Code § 502(b)(5). Likewise, the mobile content alleged in this Complaint is data under the

12 definition of Cal. Pen. Code § 502(b)(6).

13     64.      The delivery of mobile content to cellular phones is only possible through the

14 Defendant's access to the cellular phones of Plaintiff and the other class members. When the

15 cellular phones owned by Plaintiff and other class members receive mobile content, it

16 consumes computer services as defined Cal. Pen. Code § 502(b)(4), including computer time,

17 data processing, and storage capacity. Moreover, Plaintiff and the other class members'

18 cellular service will be terminated unless they pay additional fees for the receipt of the

19 unauthorized mobile content, whether they authorized that mobile content or not.

20     65.      Through the conduct alleged above, Defendant participates in and/or

21 facilitates the transmission of mobile content to the cellular phones owned by Plaintiff and

22 the other class members. Through this conduct, Defendant violates Cal. Pen. Code §

23 502(c)(3) by knowingly and without permission using or causing to be used computer

24 services and violate Cal. Pen. Code § 502(c)(4) by knowingly accessing the cellular phones

25 of Plaintiff and the class members and adding data to those phones, without permission.

26

27

28

1    66.    Plaintiff and the other class members are damaged by those violations.

2  Defendant's violations of Cal. Pen. Code § 502 cause the Plaintiff and the other class

3  members to pay charges for mobile content services to which they did not consent.

4  Defendant's violation of Cal. Pen. Code § 502 further damages Plaintiff and other class

5  members by causing them to pay falsely inflated cellular service bills to the Defendant, as

6  well as the lost time required to sort, read, discard and attempt to prevent future charges for

7  unwanted mobile content services, and lost storage space, connectivity, and computing

8  resources on the cellular phones.

9    67.    Plaintiff, on her own behalf and behalf of the other class members, seeks

10  compensatory damages in an amount to be determined at trial and injunctive relief or other

11  equitable relief (including an accounting, and disgorgement of fees obtained while these

12  violations were ongoing), as well as reasonable attorney's fees, against Defendant under Cal.

13  Pen. Code § 502(e).

**SIXTH CAUSE OF ACTION**
**(An Accounting on behalf of the Class)**

14

15    68.    Plaintiff incorporates by reference the foregoing allegations.

16    69.    The accounts at issue are so complicated that an ordinary recourse demanding

17  a fixed sum is impracticable.

18    70.    The balance owed by the Defendant to the Plaintiff and the other members of

19  the Class can be ascertained through a proper accounting.

20    71.    Plaintiff therefore seeks an accounting from Defendant of the monies owed to

21  the Plaintiff and the other members of the Class for aforementioned conduct.

22

**SEVENTH CAUSE OF ACTION**
**(Trespass to Chattels on behalf of the Class)**

23

24    72.    Plaintiff incorporates by reference the foregoing allegations.

25    73.    At all relevant times, Defendant and/or its agents intentionally and without

26  consent, gained access to Plaintiff's wireless handset and the handsets of the class, used

27

28

---

1  | Plaintiff's wireless handset and the handsets of the class, occupied memory of these handsets,

2  | and/or dispossessed Plaintiff and the members of class of unencumbered access to their

3  | wireless handsets.

4  |     74.    In so doing, Defendant intentionally intermeddled with, damaged, and

5  | deprived Plaintiff and the class of their wireless handsets, or a portion thereof.

6  |     75    Under principles of equity and good conscience, Defendant should not be

7  | permitted to so interfere with Plaintiff and the Class's possession and use of their wireless

8  | handsets.

9  | **PRAYER FOR RELIEF**

10 |     WHEREFORE, Plaintiff Palma Walker, on behalf of herself and the Class, prays for

11 | the following relief:

12 |     a)    Certify this case as a class action on behalf of the Class defined above

13 |     and appoint Palma Walker as Class Representative, and appoint

14 |     KamberEdelson, LLC, as lead counsel;

15 |     b)    Declare that the actions of Motricity, as set out above, constitute unjust

16 |     enrichment, warrant an accounting, tortious interference with a contract,

17 |     trespass to chattels, and violate the CLRA and UCL;

18 |     c)    Enter judgment against Defendant for all economic, monetary, actual,

19 |     consequential, and compensatory damages caused by Defendant's conduct,

20 |     and if its conduct is proved willful award Plaintiff and the Class exemplary

21 |     damages (for the sake of clarity, Plaintiff explicitly disclaims any claim for

22 |     damages under the CLRA at this time);

23 |     d)    Award Plaintiff and the Class reasonable costs and attorneys' fees;

24 |     e)    Award Plaintiff and the Class pre- and post-judgment interest;

25 |     h)    Enter judgment for injunctive and/or declaratory relief as is necessary

26 |     to protect the interests of Plaintiff and the Class; and

27 |

28 |

     i)     Award such other and further relief as equity and justice may require.

<strong>JURY DEMAND</strong>

Plaintiff request trial by jury of all claims that can be so tried.

                           Respectfully submitted,

Dated:  July 3, 2008               KAMBEREDELSON, LLC

By: _____

ALAN HIMMELFARB
One of the Attorneys for CAMELLIA
WALKER, individually and on behalf of
classes of similarly situated individuals.

ALAN HIMMELFARB
KAMBEREDELSON, LLC
2757 Leonis Boulevard
Vernon, California 90058
Telephone: (323) 585-8696

JAY EDELSON (pending PRO HAC VICE)
MYLES MCGUIRE (pending PRO HAC VICE)
KAMBEREDELSON, LLC
53 West Jackson Boulevard, Suite 1530
Chicago, Illinois 60604
Telephone: (312) 589-6370
Fax: (312) 873-4610

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

16

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
ALAN HIMMELFARB
KAMBEREDELSON, LLC
2757 Leonis Boulevard
Vernon, California 90058
TELEPHONE NO.: (323) 585-8696    FAX NO.: (312) 873-4610
ATTORNEY FOR *(Name):* CAMELLIA WALKER,

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda
STREET ADDRESS: 1225 Fallon St.
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA, 94612
BRANCH NAME: René C. Davidson Alameda County Courthouse

CASE NAME:
CAMELLIA WALKER, v. MOTRICITY, INC.

FOR COURT USE ONLY

FILED
ALAMEDA COUNTY

2008 JUL -3 PM 2:51

CLERK OF THE SUPERIOR COURT

By _____
DEPUTY

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: RG08 - 306630 |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE DEPT |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):* 7
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 3, 2008
ALAN HIMMELFARB
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

F. ADDENDUM TO CIVIL CASE COVER SHEET
Unified Rules of the Superior Court of California, County of Alameda

| Short Title: | Case Number: |
|---|---|
| Walker v. Motricity Inc. | |

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[X] Oakland, Rene C. Davidson Alameda County Courthouse (446)   [ ] Hayward Hall of Justice (447)
[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | Is this an uninsured motorist case?  [ ] yes  [ ] no | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [✓] | 79 | Bus tort / unfair bus practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination |
| | Other employment (15) | [ ] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

Is the deft. in possession of the property?  [ ] Yes  [ ] No

Is this a CEQA action (Publ. Res. Code section 21000 et seq)  [ ] Yes  [ ] No

202-19 (5/1/00)

A-13

**EXHIBIT B**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
AT SAN FRANCISCO

CAMELLIA WALKER, individually and on
behalf of a class of similarly situated individuals,

                  Plaintiff,

vs.

MOTRICITY, INC., a Delaware corporation,

                  Defendant.

*MHP*

CV 08    3648

Case No. _____

**DECLARATION OF PAUL BOCK**

I, Paul Bock, having been duly sworn, according to law, do hereby depose and state as follows:

1.     I am an adult resident of Cary, North Carolina, and make this declaration from my personal knowledge and for use in this case.

2.     I am the Director of Engineering for Motricity, Inc. ("Motricity") and have served in this capacity for a year and a half. I have extensive knowledge of the development and monthly efforts to sustain various aspects of the mobile content that Motricity provides to its end users.

3.     I have reviewed Paragraph 24 of the Complaint. In order to comply with the relief requested therein, Motricity would be forced to effectuate a system whereby a unique "access code" for each customer account would be provided.

4.     Below is an itemized breakdown of the development costs (one time), hardware and licensing costs (one time), and monthly maintenance costs (over five years) of such a system. The costs listed are the lowest reasonable estimated costs for this project, but the actual costs would likely be greater than those set forth below.

1917639 v1
104467-060 07/30/08

- 1 -

5.    The itemized list explains and describes: (1) the work required to create, develop, and maintain such an access code; (2) the hours required to accomplish each part of such a project; (3) the cost of each individual aspect of the project, based on the reasonable contract rate for each of the services listed; and (4) the lowest estimated total cost.

6.    As is evident below, the most conservative estimate of the total cost of any system that would give each Motricity user a unique "access code" for his/her account in an attempt to prevent unauthorized billing is $7,985,430.00.

| Motricity System Changes | Costs |
|---|---|

## One-Time Development Costs

### Part One

**Architect – Contractor:**

\* Create requirements and general architecture

400 hours (50 person days) at $125/hour                $50,000.00

**Developers – Contractor:**

\* Application programming interface ("API") for content provider to request an accessCode. This will trigger an end user registration where Motricity manages opting in the end user. The user is opted in via an SMS message to the phone. User is given the accessCode for this purchase and upon responding "Yes" to accept the charges via mobile origination ("MO"), content provider is granted the accessCode.
  - Send SMS opt in and track responses
  - Maintain session as end user could be in multiple "opt-ins"
  - Create system to post notification of access code to content provider
  - Support HyperText Transfer Protocol ("HTTP") API calls
  - Support Short Message Peer-to-peer Protocal ("SMPP") calls
  - Support Wireless Application Protocol ("WAP") session (accessCode to be entered into WAP site via end user). End user browser is re-directed to Motricity to ensure opt in.
  - Support HTTP session (accessCode to be entered into web site via end user). End user browser is re-directed to Motricity to ensure opt in.

* Internal API to retrieve accessCode given a carrier and a phone number for validation in Motricity system.

* Test tools

    2,200 hours (275 person days) at $125/hour contract rate

                                             $275,000.00

**QA – Contractor::**

* The majority of the work will require either new code or changes to core modules

    1,120 hours (140 person days) at $95/hour        $106,400.00

**DBA – Contractor:**

* Schema/system to archive accessCodes

* Schema/system to archive WAP/WEB sessions

* Modifying and adding data base ("DB") schemas to support accessCode

    720 hours (65 person days) at $125/hour        $65,000.00

**Product Manager:**

* Documentation of WEB/WAP/SMS/HTTP interfaces

    160 hours (20 person days) at $125/hour        $20,000.00

**Project Manager – Contractor:**

* Manage entire project.

    2,200 hours (275 person days) at $125/hour        $275,000.00

                **Development Part One Total:**    $791,400.00

## Part Two

**Architect - Contractor:**

* Create requirements and general architecture

    240 hours (30 person days) at $125/hour        $30,000.00

**Developers – Contractor:**

* Add accessCode parameter to all interfaces and APIs for all supported versions (SMPP and HTTP)

* Update business service tier ("BST") (to use new parameter(s))    $395,000.00

*BST modified to track accessCode violations and lock out content providers

*Internal systems to support new access parameter

    - Subscriptions Management

    - Deliver Engine

    - Campaign Manager

    - Media Server

    - Subscriber Management

    - Billing Systems Billing Action Processor/Billing Action Service ("BAP/BAS")

    - Each Billing Interface

*Notifications updated to alert Content Provider for invalid accessCodes

        Total Developers Cost: 3,160 hours(395 person days) x $125/hour contract rate

## QA – Contractor

*Code changes to core modules, including full QA regression. (395 person days)

        Total QA Cost:  3,160 hours (395 person days) x $95/hour contract rate        $300,200.00

## Project Manager – Contractor

*Project management services over all modules (395 person days)

        Total Project Manager Cost:  3,160 hours (395 person days) x $125/hour contract rate        $395,000.00

## Gateway Operations

*Migration of content providers to new API (30 person days)

        Total Gateway Operations Cost: 240 hours (30 person days) x $119/hour contract rate        $28,560.00

## Product Manager -- Contractor        $11,250.00

*Documentation updated for SMPP, HTTP APIs

*Documentation created to aid in content provider migration

> Total Product Manager Cost: 90 hours (15 person days) x
> $125/hour contract rate

**DBA – Contractor**

*All reports updated to track "Invalid Access Code Billings"

*Securing accessCode master DB with encryption/secure hardware, etc.

*Modifying and adding DB schemas to support accessCode

> Total DBA Cost: 720 hours (90 person days) x $125/hour
> contract rate                                                    $90,000.00

|  |  |
|---|---|
| **Development Part Two Total:** | **$1,250,010.00** |

## 5 Year Sustainment Costs

**Developers – Contractor**

> 480 hours (60 person days) at $125/hour = $60,000 per month
> for 5 years                                                    $3,600,000.00

**Ops – Contractor**

> 160 hours (20 person days) at $119/hour = $19,067 per month
> for 5 years                                                    $1,144,020.00

**DBA – Contractor**

> 160 hours (20 person days) at $125/hour = $20,000 per month
> for 5 years                                                    $1,200,000.00

|  |  |
|---|---|
| **Sustainment Total:** | **$5,944,020.00** |
| **Total Project Cost:** | **$7,985,430** |

I declare under penalty of perjury that the foregoing is true and correct.  Executed on July 30, 2008.

_____
PAUL BOCK

1917639 v1
104467-060 07/30/08

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is DLA Piper US LLP, 153 Townsend Street, Suite 800, San Francisco, California 94107-1957. On July 30, 2008, I served the within documents:

**NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT**

☐     by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐     by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Alan Himmelfarb
Kamberedelson, LLC
2757 Leonis Boulevard
Vernon, CA 90058

Jay Edelson
Myles McGuire
Kamberedelson, LLC
53 West Jackson Blvd., Suite 1530
Chicago, IL 60604

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 30, 2008, at San Francisco, California.

_Judith A. Fazackerley_
Judith A. Fazackerley

WEST\21482560.1